**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,                                    Case No. 25-cr-225 (PJS/DJF)

        Plaintiff,

v.                                                                                    **ORDER**

Kashmir Khaliffa McReynolds (1),

        Defendant.

This matter is before the Court on Defendant Kashmir Khaliffa McReynolds' *Motion for Disclosure of Evidence Favorable to Defendant* (ECF No. 41) ("Motion"). The Motion seeks an order compelling the government to disclose evidence required by *Brady v. Maryland*, 373 U.S. 83 (1963), and its legal progeny. The Court heard the parties' oral arguments on the Motion on November 5, 2025. (ECF No. 64.) In post-hearing briefing, the government states that it understands its continuing discovery obligations under *Brady*, has produced all the exculpatory evidence it possesses, and has not uncovered additional exculpatory evidence despite multiple inquiries with the relevant law enforcement agencies. (ECF No. 76 at 33-36.) Mr. McReynolds does not dispute that the government has complied with its obligation to date. (ECF No. 83 at 3.) Because the Court has already ordered the government on several occasions to comply with its *Brady* obligations (*see* ECF Nos. 11, 19) and there is no present basis to conclude the government has not complied with those orders, the Court **DENIES** the Motion to the extent that it seeks immediate disclosure of *Brady* materials.

That said, the Court addresses an outstanding issue briefed by the parties. Mr. McReynolds is charged with disposing a firearm to a felon and possessing a firearm while employed for a felon. (ECF No. 1 at 6-7.) These charges arise from events on March 10, 2025, when Mr. McReynolds was

shot after finishing his shift as armed security for "the community-violence-intervention organization 21 Days of Peace." (ECF No. 1 at 1.) After he was shot, he allegedly directed Defendant Alvin Watkins, Jr., a known felon, to retrieve a gun from his car and load it. (*Id.* at 4.) Mr. McReynolds requests an order directing that the government disclose evidence related to the identities of the individuals who shot at him, if that information becomes available. (ECF No. 72 at 5.) The government states it does not have this information and further argues the information would not qualify as *Brady* material because the identities of the shooters are not exculpatory. (ECF No. 72 at 35-36.) In response, Mr. McReynolds argues that the shooters would be witnesses to the events that gave rise to Mr. McReynolds' alleged crimes and would be able to corroborate those events. (ECF No. 83 at 2-3.) Thus, the government would be obliged to produce the shooters' identities if it ever acquires that information.

"[W]here the witness is an active participant or witness to the offense charged, disclosure [of his identity] will almost always be material to the accused's defense." *United States v. Barnes*, 486 F.2d 776, 778-79 (8th Cir. 1973). Here, the shooters may have witnessed whether Mr. McReynolds: (1.) instructed Mr. Watkins to retrieve his firearm; (2.) carried a firearm during his work shift; or (3.) ceased firing his weapon within a reasonable time after the shooters stopped firing at him. The shooters' identities would also shed light on the number of shooters and, potentially, whether they fired at Mr. Reynolds from more than one direction. This testimony would be material to Mr. McReynolds' defense, including his justification defense. The Court therefore agrees with Mr. McReynolds and orders the government to disclose the identities of the shooters if that information becomes known. The Motion is therefore **GRANTED** to that extent.

**IT IS SO ORDERED.**

Dated: April 10, 2026    *s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge