UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-225(1) (PJS/DJF)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KASHMIR KHALIFFA McREYNOLDS,<br><br>Defendants. | GOVERNMENT'S MOTION TO DISMISS COUNT THREE |

The United States of America, by and through its undersigned attorneys, respectfully moves the Court to dismiss Count Three in the indictment, which charges Defendant Kashmir McReynolds with illegal possession of a firearm while employed for a felon, in violation of 18 U.S.C. § 922(h). Count Two charging McReynolds with illegal disposal of a firearm to a felon in violation of 18 U.S.C. § 922(d)(1)—which is the more serious of the two charges against McReynolds, carrying a 15-year statutory maximum—will remain.

Rule 48 authorizes the government, with leave of court, to dismiss a count in an indictment. *See* Fed. R. Crim. P. 48(a). Here, after the March 10, 2025 shootout at the heart of this case, McReynolds told law enforcement during a post-*Miranda* interview that he was engaged to serve as armed security for the felons who worked as violence interrupters for 21 Days of Peace. McReynolds was not licensed by the State of Minnesota to serve as armed security. However, in advance of trial, in connection with the service of a trial subpoena, the leader of 21 Days of Peace's parent organization told federal law

enforcement that McReynolds's role with 21 Days of Peace was the same as other violence interrupters and McReynolds was not authorized to carry a firearm in connection with his work.

In conclusion, the interests of justice call for the dismissal of Count Three of the indictment.

Respectfully submitted,

Dated: September 11, 2026

DANIEL N. ROSEN
United States Attorney

*/s/ Matthew D. Forbes*

Matthew D. Forbes
Bryan T. Mette
Assistant U.S. Attorneys